The plaintiff, Andregene Pierre, appeals from a judgment confirming an arbitration award adverse to him. Pierre filed a complaint in the Superior Court against the defendant, Ashford University, LLC (Ashford), alleging fraud and breach of contract after Ashford dismissed him from its business administration graduate program due to his unsatisfactory academic performance.[2] Ashford moved to dismiss Pierre's complaint or compel arbitration, and, after a hearing, a judge ordered the parties to proceed to arbitration, per the terms of Ashford's enrollment agreement, which Pierre had signed.[3] After reviewing the parties' written submissions,[4] the arbitrator ruled in favor of Ashford on all claims, concluding that there was insufficient evidence of fraud or breach of contract. Pierre then returned to the Superior Court and moved to vacate the arbitrator's award. After a hearing, the same judge who had ordered the parties to arbitration denied Pierre's motion to vacate and confirmed the arbitrator's award.[5] On appeal, Pierre argues that the judge improperly confirmed the arbitrator's award because the arbitrator unlawfully disregarded the parties' agreement that Pierre would be awarded at least $ 180,000, and that the judge made various other errors of fact and law. We affirm.
Discussion. "Commercial arbitration awards ... are subject to a narrow scope of judicial review" because of the "strong public policy favoring arbitration of commercial disputes" (quotation omitted). Conway v. CLC Bio, LLC, 87 Mass. App. Ct. 503, 505 (2015). Under G. L. c. 251, §§ 11, 12 (a ), "the court shall confirm a[ ] [commercial arbitration] award" absent evidence of (1) "corruption, fraud or other undue means" of procuring the award; (2) the arbitrator's "evident partiality," "misconduct," or overreach of authority; (3) the arbitrator's refusal to postpone a hearing "upon sufficient cause," or refusal to "hear evidence material to the controversy"; or (4) the lack of an arbitration agreement. See Conway, supra at 505-506. Where "the source and scope of the arbitrator's authority emanate from a commercial agreement to arbitrate claims ... the arbitrator is fully empowered to interpret the underlying contract and the extent of her powers thereunder" (quotation omitted). Id. at 507-508. Consequently, factual or legal determinations by the arbitrator are generally "binding even if erroneous." Id. at 505. "Absent fraud, corruption, or other undue means in the procurement of the agreement to arbitrate or a showing that the award is otherwise void or voidable, an arbitrator's award is binding."Id. Judges may, however, vacate an arbitrator's award if the "arbitrator exceeds her authority [by] award[ing] relief beyond the scope of the arbitration agreement, beyond that to which the parties bound themselves, or by enter[ing] an award prohibited by law." Id. at 506.
Here, Pierre failed to demonstrate any circumstances that would justify vacating the arbitration award.[6] See G. L. c. 251, § 12 ; Conway, 87 Mass. App. Ct. at 505-506. Pierre implicitly argues that the arbitrator exceeded his authority either because (1) the parties "consented to the arbitration[ ] agreement ... upon condition that [Pierre] should receiv[e] [an] award of $ 180,000," or (2) the parties agreed that the arbitrator would make an award to Pierre of an amount not less than $ 180,000. The parties' second preliminary conference report, however, merely specifies that Pierre's damages claim was for $ 180,000, not that the parties agreed that Pierre would be awarded $ 180,000 -- a point the judge reiterated at the hearing on Pierre's motion to vacate the award. Similarly, Pierre argues that the judge "specifically explained that [Pierre] must received [sic ] $ 180.000.00 [sic ]" because the parties "consented to the arbitration upon [that] condition."[7] But as the judge articulated -- both in his order denying Pierre's motion to vacate the award, and at the motion hearing -- his allowance of Ashford's motion to dismiss Pierre's complaint did no more than order that Pierre's claims proceed to arbitration. That order in no way addressed the merits of Pierre's claims. The arbitrator did not exceed his authority by declining to award Pierre $ 180,000 because there was no mutual agreement, or court order, that Pierre would be awarded any amount in arbitration.[8] See Conway, 87 Mass. App. Ct. at 506.
The judge correctly declined to disturb the arbitrator's findings of fact and legal rulings rejecting Pierre's fraud and breach of contract claims. Under the terms of the enrollment agreement, the parties agreed to "final and binding arbitration" of "[a]ny disputes, claims or controversies between [Pierre] and [Ashford]." Consequently, "the arbitrator [was] fully empowered to interpret" that agreement (quotation omitted). Id. at 507-508. Here, the arbitrator found that Pierre signed the enrollment agreement, admitted to failing three classes in violation of Ashford's academic standards, and failed an additional course after Ashford gave him a second opportunity to improve his academic performance. Those findings are binding on the parties "even if erroneous." Id. at 505. The judge properly concluded that no "extraordinary circumstances" warranted vacating the arbitrator's award.
Conclusion. For the reasons stated above, we affirm the judgment confirming the arbitration award.[9]
So ordered.
affirmed.

Pierre does not dispute that he failed three courses, in violation of Ashford's academic requirements, but contends that his professors failed him for invalid reasons in order to help Ashford make more money.

Following the initial hearing on Ashford's motion to dismiss or compel arbitration, the judge directed Pierre to file a motion to amend his complaint to more clearly articulate the bases of his claims, which Pierre did. The judge allowed Pierre's motion to amend his complaint, and ordered the parties to arbitrate Pierre's complaint, per the enrollment agreement. The judge allowed Ashford's motion to dismiss Pierre's complaint "only to the extent it seeks to compel arbitration[ ]."

The parties agreed to waive a hearing after their second preliminary telephone conference with the arbitrator.

The same Superior Court judge heard both Pierre's complaint and his motion to vacate the arbitration award.

Pierre incorrectly asserts that Ashford bears the burden of proving that the arbitration order should not be vacated. General Laws c. 251, § 11, makes clear that "the court shall confirm an award, unless ... grounds are urged for vacating or modifying or correcting the award."

Pierre made a similar argument in both his written and oral motion to vacate the arbitration award.

In his motion to vacate the arbitration award, Pierre argued that the arbitrator acted with partiality, refused to review all of Pierre's documentary evidence, and unfairly deprived him of the opportunity for an oral hearing. Pierre does not raise these issues on appeal.

To the extent that we do not address Pierre's other contentions, "they 'have not been overlooked. We find nothing in them that requires discussion.' " Department of Revenue v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).